JUSTIN ANDERSON (15526)
Assistant Utah Attorney General
DEREK E. BROWN (10476)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: justinpanderson@agutah.gov

*Attorney for the Honorable Charles A. Stormont*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GREGORY R. MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HON. CHARLES A. STORMONT, in his personal capacity; JACK ELBAUM (a.k.a. YAKI ELBAUM AND JACK INBAR-PRATER); EVAN S. STRASSBERG; NPEC, LLC; and GLYDE SOLAR LLC.,<br><br>Defendants. | **DEFENDANT STORMONT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:25-cv-00857-DAO<br><br>Judge Daphne A. Oberg |

Defendant the Honorable Charles A. Stormont ("Judge Stormont" or

"Stormont"), by and through counsel, Justin Anderson, Assistant Utah Attorney

General, moves to dismiss Plaintiff Miller's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The bases of the motion are:

- Plaintiff's claims are barred by judicial immunity;

- Plaintiff's claims for injunctive relief are barred by the Federal Courts Improvement Act; and

- Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and *Younger* abstention.

- Plaintiff's claim for intentional infliction of emotional distress is barred by the UGIA.

For these reasons, more fully discussed in the following Memorandum of Law, Judge Stormont requests that the Court dismiss all claims in Plaintiff Miller's Complaint against him, with prejudice.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................**iv**

**MEMORANDUM OF LAW** ...............................................................................**1**

FACTUAL BACKGROUND .............................................................................. 2

LEGAL STANDARD ......................................................................................... 4

LEGAL ARGUMENT ........................................................................................ 6

    I.      Judicial Immunity Bars Miller's Claims Against Judge Stormont, including allegations of conspiracy. ................................................... 6

           A.     Stormont is immune for his judicial acts in the case at issue. ... 6

           B.     No exception to judicial immunity applies and Stormont retains immunity. ............................................................................... 9

    II.     Any Remaining Claims for Relief Are Barred. ................................. 11

           A.     Miller's Request for Injunctive Relief Is Barred by § 1983 Itself. .................................................................................... 11

           B.     Miller's Request for Declaratory Relief Is Barred. .................. 12

    III.    Miller's state law tort should also be dismissed............................... 13

           A.     Plaintiff did not file a notice of claim..................................... 14

**CONCLUSION** ............................................................................................. **15**

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................. 4, 5

*Asset Acceptance LLC v. Utah State Treasurer,*
   367 P.3d 1019 (Utah Ct. App. 2016)................................................................. 13

*Bailey v. Utah State Bar,*
   846 P.2d 1278  (Utah 1993) ............................................................................ 7

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................... 5

*Bradley v. Fisher,*
   80 U.S. (13 Wall.) 335 (1871) ......................................................................... 7

*City of Colo. Springs,*
   643 F.3d 719 (10th Cir. 2011) ...................................................................... 4, 5

*Cunningham v. Weber County,*
   506 P.3d 575 (Utah 2022) .............................................................................. 13

*Dauwe v. Miller,*
   No. 09-1321, 364 F. App'x 435 (10th Cir. Feb. 3, 2010) ................................... 12

*Dennis v. Sparks,*
    449 U.S. 24 (1980) ...................................................................................... 8

*Ellibee v. Fox,*
   244 F. App'x 839 (10th Cir. 2007) ................................................................ 10

*Forrester v. White,*
   484 U.S. 219 (1988) ...................................................................................... 6

*Gee v. Pacheco,*
   627 F.3d 1178 (10th Cir. 2010) ....................................................................... 5

*Ginter v. Johnson,*
No. 2:13–cv-225-DN-ENF, 2014 WL 1271755 (D. Utah March 27, 2014)...... 5, 6

*Hall v. Bellmon,*
935 F.2d 1106 (10th Cir. 1991) ................................................................. 5

*Hall v. Witteman,*
584 F.3d 859 (10th Cir. 2009) ................................................................ 4, 5

*Hoai v. Sup. Ct. of D.C.,*
539 F. Supp. 2d 432 (D.D.C. 2008)........................................................ 12

*Hunt v. Bennett,*
17 F.3d 1263 (10th Cir. 1994) ................................................................. 8

*Lewis v. Mikesic,*
195 F. App'x 709 (10th Cir. 2006) ......................................................... 10

*Mann v. Boatright,*
477 F.3d 1140 (10th Cir. 2007) ............................................................. 12

*Mireles v. Waco,*
502 U.S. 9 (1991)............................................................................... 6, 9

*Muscogee (Creek) Nation v. Okla. Tax Comm'n,*
611 F.3d 1222 (10th Cir. 2010) .............................................................. 4

*Rienhardt v. Kelly,*
164 F.3d 1296 (10th Cir. 1999) ............................................................. 12

*Snell v. Tunnell,*
920 F.2d 673 (10th Cir. 1990) ................................................................ 6

*St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,*
605 F.2d 1169 (10th Cir. 1979) .............................................................. 5

*Stack v. McCotter,*
No. 02-4157, 79 F. App'x 383 (10th Cir. Oct. 24, 2003) ................................ 5

*Stein v. Disciplinary Bd. of Supreme Court of NM,*
   520 F.3d 1183 (10th Cir. 2008) .................................................................. 6, 9

*Stump v. Sparkman,*
   435 U.S. 349 (1978) ................................................................................. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
   551 U.S. 308 (2007) ................................................................................... 5

*Whipple v. Utah,*
   No. 2:10-CV-811-DAK, 2011 WL 4368568 (D. Utah Aug. 25, 2011) ................ 14

**Statutes**

42 U.S.C. § 1983 .................................................................................... 10, 17

P.L. 104-317, Title III § 309(c), 110 Stat. 3853 ..................................................... 18

Utah Code § 63G-7-101 .................................................................................. 21

Utah Code § 63G-7-401(2) .............................................................................. 22

Utah Code Ann. § 63G-7-101 (2)(b) .................................................................... 20

Utah Code Ann. § 63G-7-101(3) ........................................................................ 20

Utah Code Ann. § 63G-7-401(4)(b)(ii)(E) ............................................................. 23

Utah Code Ann. § 63G-7-401(a) ........................................................................ 23

Utah Const. art. VIII, § 5 ................................................................................. 16

**Rules**

Fed. R. Civ. P. 10(c) ......................................................................................... 5

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 4

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 4

**MEMORANDUM OF LAW**

Plaintiff Miller was sued by his once employer, NPEC LLC ("NPEC"), in state court. Miller and NPEC subsequently entered into a settlement whereby Miller would refrain from any communication about NPEC or its CEO, Jack Elbaum. This agreement was memorialized in a permanent injunction enforceable through May 31, 2024. The Honorable Charles A. Stormont, District Judge of the Utah Third District Court, extended the permanent injunction until May 31, 2025.

Miller has now sued Judge Stormont, alleging that the judge's rulings and actions impaired his contractual rights, deprived him of his First Amendment right to free speech, deprived him of his right to counsel in contempt proceedings, interfered with Miller's civil rights through "conspiracy," failed to prevent a conspiracy to interfere with civil rights, and intentionally inflicted emotional distress.

Miller's Complaint must be dismissed against Judge Stormont. Judicial immunity bars any claims for monetary damages against the judge for the decisions he made in his case. And Miller's other claims for declaratory or injunctive relief are barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and the Federal Courts Improvement Act. Miller's claims to

1

intentional infliction of emotional distress also must be dismissed because Miller failed to comply with the Utah Governmental Immunity Act.

The case should be dismissed with prejudice because Miller cannot state a plausible claim for relief against Judge Stormont.[1]

## FACTUAL BACKGROUND

The following facts taken from Plaintiffs' Complaint are treated as true for the purposes of this motion only:

1.  Plaintiff Miller is the defendant in the pending Utah state case *NPEC LLC v. Miller*. Compl. ¶ 1.

2.  Judge Stormont has presided over the *NPEC v. Miller* case since May 16, 2024. Compl. ¶¶ 2, 51.

3.  *NPEC v. Miller* began in 2013. Compl. ¶ 37.

4.  In 2014 Miller and NPEC entered into a settlement agreement whereby Miller must refrain from any communication about NPEC and its CEO, Jack Elbaum. Compl. ¶¶ 3, 38–39.

5.  Pursuant to that agreement, a permanent injunction was entered against Miller whereby Miller was enjoined from making statements about NPEC or Elbaum until May 31, 2024. Compl. ¶ 42.

---

[1] This Court may also take judicial notice that the state court issued a vexatious litigant order against Miller in *NPEC, LLC v. Miller* Case No. 130905131.

6. On August 5, 2024, Stormont ordered the permanent injunction extended through May 31, 2025. Compl. ¶ 58.

7. Stormont has issued three contempt orders against Miller since the extension of the permanent injunction. Compl. ¶ 60.

8. Pursuant to the contempt orders and subsequent violations, Stormont has ordered Miller to be arrested and jailed for 90 days. Compl. ¶ 61.

9. Stormont ordered Miller to pay NPEC's attorney fees for the contempt hearings. Compl. ¶ 62.

10. Miller was not appointed counsel for his contempt hearings. Compl. ¶ 137.

11. Stormont imposed a $100 daily fine, then a $200 daily fine, until Miller came into compliance with the injunction extension. Compl. ¶¶ 63, 66.

12. On July 31, 2025, Stormont again ordered the extension of the permanent injunction. Compl. ¶ 67.

13. Stormont and Elbaum are Jews. Compl. ¶ 22.

14. Miller contends that Stormont and other defendants "conspired to intimidate, harass, and emotionally distress Miller with an arrest warrant, jail sentences, judgements of attorney fees, and daily fines." Compl. ¶¶ 19, 21.

## LEGAL STANDARD

Defendant Stormont moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction." When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6). *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g., Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels

4

and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ; *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010)  (citations and quotations omitted); *Hall*, 584 F.3d at 863  (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In the context of a motion to dismiss, this Court may take judicial notice of a state court docket and filings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter*, No. 02-4157, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (ord. & j. not selected for publication) (recognizing that the court can take judicial notice of a state district court docket sheet); *Ginter v. Johnson*, No. 2:13–cv-225-DN-ENF, 2014 WL 1271755, at * 2 (D. Utah March

27, 2014) (not selected for publication), *rep. & rec. adopted by id.* at *1 (taking judicial notice of the Salt Lake City Justice Court Docket as "an official Utah court record[, which] contain facts that the Court can accurately and readily determine from a source whose accuracy no one can reasonably question").

## LEGAL ARGUMENT

Miller brings to federal court his complaints about judicial decisions made by a state court judge in a state court case.  He seeks monetary damages and a declaratory judgment.  But the damages claims against Judge Stormont are barred by judicial immunity. And any other relief prayed for by Miller is barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, or the Federal Courts Improvement Act. Miller's claims for intentional infliction of emotional distress are barred by the Utah Government Immunity Act. The case should be dismissed.

I.    **Judicial Immunity Bars Miller's Claims Against Judge Stormont, including allegations of conspiracy.**

    A. *Stormont is immune for his judicial acts in the case at issue.*

It is well-settled that judges are shielded with absolute immunity from suits for money damages based on their judicial action, including suits pursuant to 42 U.S.C. § 1983, and for suits based on state law. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189–90 (10th Cir. 2008)  (citing *Snell v.*

6

*Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)) ; *Bailey v. Utah State Bar*, 846 P.2d 1278 1280 (Utah 1993)  (recognizing judicial immunity barring state law causes of action).

The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871). The rationale for this defense is to incorporate traditional common law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory civil litigation. *Id.*

Miller's claims for money damages against Judge Stormont all relate to decisions he made in the course of presiding over Miller's state court case.  He alleges that Judge Stormont wrongfully extended the preliminary injunction against Miller. And he further alleges that Stormont did not appoint Miller counsel for his contempt hearings.  In fact, Miller makes no allegations against Judge Stormont except that he believes his decisions were wrong.  Because each of Stormont's acts were an exercise of judicial authority, Judicial immunity clearly applies to these claims.

7

Further, numerous courts have recognized that, even if a plaintiff alleges a conspiracy, a judicial officer is still entitled to judicial immunity, if the acts complained of in furtherance of the conspiracy were judicial in nature. For example, in *Denis v. Sparks*, the U.S. Supreme Court recognized that a § 1983 suit against a judge was "properly dismissed" even though there were allegations that the judge was part of a "corrupt conspiracy" by private parties and the judge to prevent another party from mining, and even though an appellate court determined that the injunction that halted the mining operation, in furtherance of the conspiracy, was "illegally issued." 449 U.S. 24, 26–27 (1980).  Lower courts have followed suit. *See , e.g., Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) ("[J]udges enjoy absolute immunity from liability under § 1983—even when the judge allegedly conspires with private parties.") (citing *Dennis v. Sparks,* 449 U.S. 24, 28–32 *(1980)*)).. Therefore, Plaintiffs' allegation that a conspiracy exists does not remove the blanket of judicial immunity.

Miller alleges that Judge Stormont, along with the other defendants, "conspired to intimidate, harass, and emotionally distress Miller with an arrest warrant, jail sentences, judgements of attorney fees, and daily fines." Compl. ¶¶ 19, 21. (Compl. ¶¶ 19, 21.)  He alleges that the defendants had a "meeting of the minds" to deprive Miller of his civil rights. (Compl. ¶ 193.)   Further, Miller

8

concluded, "But for Miller's racial status as a non-Jewish white, Defendants would not conspire to interfere with his civil rights." (Compl. ¶ 194.)

Judge Stormont denies the baseless allegations that he was somehow in cahoots with the other defendants or had a "meeting of the minds" to extend the permanent injunction as pretext motivated by their "shared ideology that advocates invidious discrimination." (Compl. ¶ 193.)  But even taking the facts as true, judicial immunity still shields Judge Stormont.

**B. *No exception to judicial immunity applies and Stormont retains immunity.***

There are only two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–13; *see also Stein*, 520 F.3d at 1195 (an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the complete absence of all jurisdiction.). Miller alleges that all subject matter jurisdiction over *NPEC v. Miller* ended upon the expiration of the permanent injunction on May 31, 2024, and that Stormont did not have jurisdiction to order an extension.

"To determine whether a judge acted 'in the clear absence of jurisdiction,' [courts] look 'to the nature of the act itself, i.e., whether it is a function normally

9

performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Lewis v. Mikesic,* 195 F. App'x 709, 710 (10th Cir. 2006) (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)); *see also Ellibee v. Fox,* 244 F. App'x 839, 844 (10th Cir. 2007) ("A judge acts in the clear absence of all jurisdiction when he acts clearly without any colorable claim of jurisdiction."). Notably, Utah Const. art. VIII, § 5 provides district judges with "original jurisdiction in all matters" except as limited by the constitution or statute.

All the claims made against Judge Stormont relate to his judicial acts, and neither exception to immunity applies.  Particularly, Judge Stormont had jurisdiction to rule as he did. Pursuant to the Utah Constitution, Stormont, as a district court judge, has original jurisdiction for matters such as this. Further, the disputes at issue in *NPEC v. Miller* are ongoing, and thus, it cannot be said that Stormont lost subject matter jurisdiction, as contended by Miller.  Additionally, Stormont's order was made in response to NPEC's motion for extension of the permanent injunction that was made *before* the injunction was set to end. Making an order on a motion is a "function normally performed by a judge" and made within Stormont's "judicial capacity." Thus, Stormont did not lack jurisdiction to rule on the extension of the preliminary injunction.

10

The acts Miller complains of are judicial acts, made in the course of a legitimate, judicial proceeding, not subject to any exception.  Miller may disagree with the rulings, but he may not sue the judge for money damages based on them—even if he believes the judge was malicious or engaged in a "conspiracy." Judicial immunity applies, and Miller's Amended Complaint for damages should be dismissed.

## II.     Any Remaining Claims for Relief Are Barred.

Judicial immunity clearly bars Miller's claim for damages.  To the extent that Miller's Complaint may be read as requesting additional forms of injunctive or declaratory relief, (*cf.* Compl., Prayer for Relief A–D), those claims are also barred.

### A. *Miller's Request for Injunctive Relief Is Barred by § 1983 Itself.*

Miller's request for injunctive relief is barred by the plain language of 42 U.S.C. § 1983, upon which Miller specifically bases his claims. The Federal Courts Improvement Act amended § 1983 to bar suits for injunctive relief against judges for actions taken in their judicial capacity unless a declaratory decree was violated. 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c), 110 Stat. 3853) (providing a civil action for redress of federal civil rights "except that in any action brought against a judicial officer for an act or omission

11

taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). No declaratory decree was violated, and there is no proof that declaratory relief is "unavailable." *See Hoai v. Sup. Ct. of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) (noting that declaratory relief is not "unavailable" merely because the plaintiff failed to get his "desired decisions in our local courts"). Thus, Miller's request for injunctive relief against Judge Stormont is barred.

### B.  *Miller's Request for Declaratory Relief Is Barred.*

Any request for declaratory relief is barred by the by *Younger* abstention, because Miller is seeking to have this Court sit and review the state court's judgment or because he asks this Court to interfere with an ongoing state proceeding. *Mann v. Boatright,* 477 F.3d 1140, 1146 (10th Cir. 2007); *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999) ("*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court.");  *see also Dauwe v. Miller*, No. 09-1321, 364 F. App'x 435, 437–38 (10th Cir. Feb. 3, 2010) (ord. & j. not selected for publication) (holding that a pro se party's constitutional challenge to

12

unfavorable rulings in state court was partially precluded by *Younger,* because a portion of the case was still ongoing at the time the action was filed).

Therefore, even if Miller's complaint seeks relief beyond his claims for damages, those claims should also be dismissed.

## III.    Miller's state law tort should also be dismissed

Miller's Sixth Cause of Action, intentional infliction of emotional distress, is barred by the Utah Governmental Immunity Act for failure to comply with the notice of claim provision of the act.

The GIAU "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." Utah Code Ann. § 63G-7-101 (2)(b). Under the GIAU, "[a] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived." Utah Code Ann. § 63G-7-101(3); *see also Cunningham v. Weber County,* 506 P.3d 575, 581 (Utah 2022) ("The GIA codifies the broad immunity that a sovereign traditionally enjoys from legal action . . . ."); *Asset Acceptance LLC v. Utah State Treasurer,* 367 P.3d 1019, 1021 (Utah Ct. App. 2016) ("Utah case law has long recognized that sovereign immunity generally prohibits actions against the State unless it has expressly waived its immunity.").

13

### A. *Plaintiff did not file a notice of claim*

Miller's sixth cause of action is barred because he has not filed a notice of claim under the Governmental Immunity Act of Utah ("GIA"), Utah Code § 63G-7-101 *et seq.* The GIA provides the statutory framework for a litigant to file a claim against a governmental entity and governmental employees. "The notice provisions of the Governmental Immunity Act apply to all state law claims against Utah's governmental entities and their employees, with the exception of certain actions arising out of contractual rights and obligations or latent defects, and are jurisdictional in nature." *Whipple v. Utah,* No. 2:10-CV-811-DAK, 2011 WL 4368568, at *21 (D. Utah Aug. 25, 2011), report and recommendation adopted, No. 2:10CV811DAK, 2011 WL 4368830 (D. Utah Sept. 19, 2011). The GIA mandates that "[a]ny person having a claim against a governmental entity, or against the governmental entity's employee . . . shall file a written notice of claim with the entity before maintaining an action." Utah Code § 63G-7-401(2). "The notice requirements of the Governmental Immunity Act must be strictly followed and the timely and proper filing of a notice is a jurisdictional prerequisite to suit." *Whipple,* 2011 WL 4368568 at *21.

Any claim against Judge Stormont must comply with the provisions of the GIA, including the notice of claim provisions. Otherwise, this court lacks subject

matter jurisdiction.  The GIA specifically instructs plaintiffs as to where to properly file such notice of claim. Under Utah Code Ann. § 63G-7-401(4)(b)(ii)(E), notice must be served upon the attorney general for claims against the state or its employee.  The notice must set forth 1) a brief statement of facts, 2) the nature of the claim asserted, 3) damages incurred, 4) and the name of the government employee. *See* Utah Code Ann. § 63G-7-401(a)

Here, Miller did not serve a notice of claim on the Attorney General for claims against Judge Stormont as required by the GIA, therefore this Court lacks jurisdiction to preside over Miller's state law tort claim. Because of Miller's failure to comply with the GIA his sixth cause of action must be dismissed.

## CONCLUSION

Miller is attempting to sue Judge Stormont for judicial decisions made within the context of a state court case, over which he presided.  Judicial immunity, the text of § 1983, and prudential doctrines all prohibit these claims. Miller can appeal the decisions he believes were wrong, but he cannot bring a separate cause of action for money damages against Judge Stormont. No notice of claim was filed barring Miller's state law tort claim. Any remnant claims for relief fail.  Miller's Complaint should be dismissed with prejudice.

DATED: November 25, 2025.

15

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Justin P. Anderson*
JUSTIN P. ANDERSON
Assistant Utah Attorney General
Attorney for the Judicial Defendants

16