**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

<table>
<tr><td>GREGORY R. MILLER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE CHARLES A. STORMONT, in his personal capacity; JACK ELBAUM (a.k.a. YAKI ELBAUM AND JACK INBAR-PRATER); EVAN S. STRASSBERG; NPEC, LLC; and GLYDE SOLAR, LLC,<br><br>Defendants.</td><td>ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00857-AMA-DAO<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg</td></tr>
</table>

Plaintiff Gregory R. Miller, proceeding *pro se*, brings federal civil rights claims and a state law claim for intentional infliction of emotional distress against Defendants NPEC, LLC (his former employer), Jack Elbaum (NPEC's CEO), and Glyde Solar, LLC (another business run by Mr. Elbaum) (collectively, the "Elbaum Parties"); Evan S. Strassberg (an attorney representing the Elbaum Parties in the state court case); and Judge Charles A. Stormont (judge presiding over his state case).[1]

A 2014 settlement agreement between Mr. Miller and NPEC required Mr. Miller to refrain from any communications regarding NPEC and its CEO through May 31, 2024.[2] In 2016, a Utah State court entered a final judgment which included a permanent injunction enjoining Mr. Miller through the termination date in the settlement agreement.[3] In March 2024, NPEC filed a motion

---

[1] *See* Dkt. No. 1 at 8.
[2] *See id.* at 1. Pinpoint citations to documents in the record refer to the page numbers generated by CM/ECF.
[3] *See id.* at 4.

to extend that permanent injunction which would expire on May 31, 2024.[4] On August 5, 2024, Judge Stormont, newly presiding over the case, retroactively granted the extension of the injunction.[5] On July 31, 2025, he extended the injunction again.[6] Mr. Miller contends that Judge Stormont lacked subject-matter jurisdiction to extend the expired injunction and that the Defendants conspired to violate his rights.[7]

The Defendants have filed motions to dismiss. Judge Stormont moves to dismiss for lack of jurisdiction and failure to state a claim, arguing that Mr. Miller's claims are barred by judicial immunity and the Rooker-Feldman and Younger doctrines; the injunctive relief claims are barred by 42 U.S.C. § 1983; and the intentional infliction of emotional distress claim is barred by the Utah Governmental Immunity Act.[8] Mr. Strassberg and the Elbaum Parties move to dismiss based on lack of standing, the Rooker-Feldman doctrine, issue preclusion, and failure to state a claim.[9] Mr. Miller opposes the motions.[10] Separately, Mr. Miller moves for a preliminary injunction, seeking to enjoin enforcement of certain orders in the state case.[11]

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Daphne A. Oberg has issued a report and recommendation (an "R&R") for each of these pending motions.[12] She recommends that the Court grant the Defendants' motions to dismiss and deny Plaintiff's motion for preliminary injunction.[13] The R&R instructs the parties of their right to object within 14 days of service and

---

[4] *See id.* at 11.
[5] *See id.* at 12.
[6] *See id.* at 13-14.
[7] *See id.* at 3-5.
[8] *See* Dkt. No. 22.
[9] *See* Dkt. Nos. 25, 26.
[10] *See* Dkt. Nos. 30-32.
[11] *See* Dkt. No. 37.
[12] Dkt. No. 44 at 1.
[13] *Id.* at 33.

states that failure to object may constitute a waiver of objections upon subsequent review.[14] It has now been over 14 days since the R&R was sent to the parties, and no objections have been filed. Thus, the Court will adopt the R&R because its analysis and conclusions are sound and no party has objected to them. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). With all federal claims dismissed, the Court declines to exercise supplemental jurisdiction over Mr. Miller's state law claims.

The R&R (Dkt. No. 44) is hereby ADOPTED. Defendants' motion to dismiss filed by Charles A. Stormont (Dkt. No 22), motion to dismiss filed by Evan S. Strassberg (Dkt. No. 25), and motion to dismiss filed by Glyde Solar, NPEC, Jack Elbaum (Dkt. No. 26) are GRANTED. The federal claims against Judge Stormont are DISMISSED WITH PREJUDICE, and all other claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for a preliminary injunction (Dkt. No. 37) is DENIED.

DATED this 14th day of September 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

[14] *Id.*